ALVEY A. ADEE, Appellant, *v.* THOMAS C. ARNOW, Defendant, and THE TOWN OF WESTCHESTER, Appellant; SEWARD BAKER, Claiming to be Attorney for the Town of Westchester, Respondent.

*Towns — the town board is the governing body — it alone can employ an attorney except in suits for penalties — power of the supervisor — Laws 1890, chap. 569, § 160; § 80, subd. 2.*

Under the present statutes of this State relative to towns, the governing board of the town is what is denominated the " town board."

The town board has exclusive authority to retain an attorney to prosecute or defend a litigation which concerns the town, except that the supervisor of the

town may sue, in its name, for all penalties given by law for its use, and for which no other officer shall be directed to prosecute. The supervisor of a town has no authority bestowed upon him to prosecute or defend any other action.

Appeal by the defendant, The Town of Westchester, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of September, 1895, requiring the plaintiff to accept the notice of appearance and answer of the defendant, The Town of Westchester, served by Seward Baker, claiming to represent the said defendant in the action, and requiring the plaintiff to disregard the notice of appearance of said defendant, served by H. C. Henderson, claiming to be the attorney for said town, and striking out the answer of said defendant served by said attorney.

Also an appeal by the plaintiff, Alvey A. Adee, from so much of said order as awards ten dollars costs to Seward Baker, attorney for the defendant, The Town of Westchester, and which requires " that said plaintiff's attorney serve a copy of the complaint in this action upon Seward Baker as such attorney."

*Frederick W. Adee*, for the plaintiff.

*H. C. Henderson*, for The Town of Westchester, appellant.

*John W. Bartram*, for the respondent.

Dykman, J. :

This action has for its object the cancellation of a tax lease made by the town of Westchester to the defendant Arnow, under the claim that it is a cloud upon the title of the plaintiff to certain lands belonging to him in that town.

The summons was served upon the supervisor and town clerk of the town of Westchester on the 3d day of June, 1895.

On the 6th day of June, 1895, Henry C. Henderson, an attorney and counselor at law, served a notice of appearance for the town in the usual way upon the attorney for the plaintiff.

On the 18th day of June, 1895, Seward Baker served a notice of appearance for the defendant Arnow on the plaintiff's attorney, and on the same day the latter served a copy of the complaint in the

action upon each of the attorneys who had appeared as above stated.

On the 21st day of June, 1895, Baker served a notice of appearance for the town upon the plaintiff's attorney, which the latter returned by reason of the former appearance of Henderson. Baker also served an answer on behalf of the town on the 11th day of July, 1895, which was returned.

On the thirteenth day of July Henderson served an answer on behalf of the town, and on the 14th day of September, 1895, an order was made upon the motion of Mr. Baker requiring the plaintiff's attorney to accept the notice of appearance by him for the town of Westchester.

From that order these appeals were taken. Mr. Henderson was employed by the board of town officers to defend the suit for the town, and Mr. Baker was employed by the supervisor of the town, and the question for solution is, which employment is regular, or, in other words, who had the authority to employ counsel to represent the town in the action?

In the constitution of the towns of this State many old things have passed away. By a recent statute of the State the governing board of a town is the town board. (Laws of 1892, chap. 685, § 1.) And the supervisor, town clerk and the justices of the peace, or any two such justices, constitute the town board of each town. (Laws of 1890, chap. 569, § 160.)

The functions of a governing board of a town must be the government of the town.

All of the internal affairs of a town must be under the control of the board of town officers, so far as official action can go. Of course the inherent power of the people is left undisturbed and unlimited, and there is no restriction upon its action in a public town meeting. Each town is constituted a municipal corporation, and the business of the town must be transacted by the corporate officers, or, as they are now called, the governing board. An exception is created to the general rule by subdivision 2 of section 80 of chapter 569 of the Laws of 1890 (the Town Law), where it is provided that the supervisor of the town shall prosecute in the name of the town for all penalties given by law to such town for its use, and for which no other officer shall be directed to prosecute. No

authority is bestowed upon him to prosecute or defend any other action.

As a member of the town board, the supervisor has no more or greater authority than any of the other officers who are members thereof, and no one of them can legally act independently of the others, or outside of the board. It is highly essential to the interests of the town that all questions respecting litigation should be determined by the governing board. It may or may not be for the interests of the town to prosecute or defend suits, and the determination of such questions requires the exercise of judgment and discretion. The governing board is constituted for all such purposes, and its power should not be limited or restricted by construction.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs to be paid by the supervisor.

Brown, P. J., and Pratt, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs to be paid by the supervisor.